UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DON L. MILES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00078-JMS-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Mr. Miles seeks to amend the judgment in his criminal case to reflect that he is entitled to 470 days of credit towards his 51-month prison sentence. For the reasons explained in this Entry, the motion of Don L. Miles ("Miles") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue**.**

**I. Background**

On July 24, 2013, Mr. Miles was charged in a one count Indictment with conspiring to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On August 8, 2013, an initial hearing was scheduled before a United States Magistrate Judge. Mr. Miles was released on his own recognizance with conditions set by pretrial services. On January 28, 2014, a Plea Agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C). The Plea Agreement provided that Mr. Miles would enter a plea of guilty to Count One of the Indictment. Count One provides for a term of imprisonment of not less than ten years and not more than life, not less than five years of supervised release, and a fine up

1

to $10,000,000. Pursuant to the Plea Agreement, the parties agreed that a sentence within the range of 63 to 71 months of imprisonment would be recommended to the Court. Mr. Miles would receive a reduction of two levels to his offense level for his minor role pursuant to U.S.S.G. § 3B1.2 and a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Mr. Miles agreed to cooperate with the government and received a recommendation for a downward departure sufficient to impose a sentence within the stipulated range of imprisonment of 63 to 71 months pursuant to U.S.S.G. § 5K1.1. In exchange for the concessions made by the government, Mr. Miles agreed to waive his right to appeal the conviction and sentence on any ground, except for ineffective assistance of counsel. This provision included any action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. If the Court were to reject this Plea Agreement, either party would be able to withdraw from the Plea Agreement.

On March 21, 2014, Mr. Miles filed a Petition to Enter a Plea of Guilty. In the Petition, Mr. Miles represented to the Court that he received a copy of the Indictment; read and discussed it with his attorney; understood the charges brought against him; his attorney advised him of the punishment; and he declared that his plea of guilty was offered freely and voluntary and of his own accord.

On July 30, 2014, the Court held a change of plea and sentencing hearing. At the change of plea hearing, the Court advised Mr. Miles of his rights and found that Mr. Miles was fully competent and able to enter an informed plea; the plea was made knowingly and voluntarily; and the plea was supported by a factual basis. The Court accepted the Plea Agreement and adjudged Mr. Miles guilty as to Count One of the Indictment.

The Court sentenced Mr. Miles to 63 months in prison, to be followed by four years of supervised release. Mr. Miles was also assessed the mandatory assessment of $100. The judgment of conviction was entered on August 7, 2014.

On January 20, 2015, Mr. Miles filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. On January 20, 2015, Mr. Miles also filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582. The motion for reduced sentence was granted on July 2, 2015, reducing Mr. Miles sentence from 63 to 51 months based on Amendment 782 to the U.S. Sentencing Commission Guidelines.

## II. Effective Assistance of Counsel

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Mr. Miles claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance

of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Mr. Miles has the burden of proof, and to prevail must "sustain[] his allegations by a preponderance of evidence." *Walker v. Johnston,* 312 U.S. 275, 286 (1941). The entirety of Mr. Miles' argument is made in his reply brief in which he raises this issue for the first time,[1] stating that he "was told numerous times by his counsel that the time on bond was included in his Plea Agreement." Dkt. 9 at p. 2. But when Mr. Miles obtained a copy he discovered that "time on bond was not included." *Id.*

This unsworn statement is insufficient to entitle Mr. Miles to relief. There is no evidence to contradict the record which demonstrates that a competent defense was presented on his behalf. For example, Mr. Miles was sentenced to 63 months imprisonment (later reduced to 51 months)

---

[1] The court notes that had Mr. Miles's not raised his ineffective assistance of counsel claim his motion would have been dismissed for lack of jurisdiction. It is the Bureau of Prisons, not the sentencing court, that determines sentence credit under 18 U.S.C. § 3585(b). Prisoners dissatisfied with the BOP's determination may, after exhausting administrative remedies, seek judicial review under 28 U.S.C. § 2241. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992).

when the statutorily required minimum sentence was 10 years. Nor was Mr. Miles prejudiced by his counsel's failure to seek credit for time spent on pretrial release because such credit is not available. *See United States v. Aslan*, 644 F.3d 526, 532 (7th Cir. 2011) (discussing 18 U.S.C. § 3585(b)). Finally, Mr. Miles specifically stated in his Plea Agreement that he read the entire agreement and discussed it with his attorney. He states that he understands the terms and that the terms reflect the results of the plea negotiations. See Plea Agreement at p. 10.

### III. Conclusion

The United States is correct that the foregoing circumstances show that Mr. Miles is not entitled to relief pursuant to 28 U.S.C. § 2255. Mr. Miles has not demonstrated that he received ineffective assistance related to the plea agreement. The motion for relief pursuant to § 2255 is therefore **denied.**

Judgment consistent with this Entry shall now issue. The **clerk is directed** to docket a copy of this Entry in 1:13-cr-00157-JMS-DKL-1.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Miles has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: November 10, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DON L. MILES
BUTNER - MEDIUM I FCI
BUTNER MEDIUM I FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509

All Electronically Registered Counsel